1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT A. ORTIZ,

11                  Petitioner,                   No. CIV S-10-0594 GGH P

12         vs.

13   JOHN C. MARSHALL,

14                  Respondent.                   ORDER

15   _____/

16             Petitioner purports to have filed a petition pursuant to 28 U.S.C. § 2254.

17   However, therein petitioner challenges a putative "illegal denial of contact visitation," identifying

18   it as a "condition of confinement," that he contends is a denial of his due process and equal

19   protection, i.e., Fourteenth Amendment, rights.  Petition, pp. 2, 4.   However:

20             Federal law opens two main avenues to relief on complaints related
               to imprisonment: a petition for habeas corpus, 28 U.S.C.  2254,
21             and a complaint under the Civil Rights Act of 1871, Rev. Stat.
               1979, as amended, 42 U.S.C.  1983.   Challenges to the validity of
22             any confinement or to particulars affecting its duration are the
               province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475,
23             500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief
               turning on circumstances of confinement may be presented in a §
24             1983 action.

25   Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).  See also,

26   Overton v. Bazetta, 539 U.S. 126, 123 S. Ct. 2162 (2003) (wherein prisoners allege restrictions

                                            1

1  on prison visitation violate their First, Eighth and Fourteenth Amendment rights in a § 1983

2  action).

3         This action, therefore, is properly construed as a civil rights complaint, pursuant to

4  42 U.S.C. §1983.  So construed, therefore, petitioner, as plaintiff, is a state prisoner proceeding

5  pro se who has filed a civil rights action pursuant to 42 U.S.C. § 1983.  However, as petitioner

6  filed it as a habeas petition, it must be dismissed for petitioner to conform with the requirements

7  of filing a § 1983 complaint.  Complaints are required to set forth (1) the grounds upon which the

8  court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to

9  relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires only "sufficient allegations

10 to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795,

11 798 (9th Cir. 1991).  Within this filing, petitioner/plaintiff has not named any defendants nor

12 linked any named party to an alleged deprivation of his constitutional rights.  The petition will be

13 dismissed but petitioner/plaintiff will be granted leave to amend to proceed in this matter under §

14 1983.

15        In addition, if petitioner elects to proceed as plaintiff, he must file a sufficient

16 request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  The certificate

17 portion of the request which must be completed by plaintiff's institution of incarceration has not

18 been filled out in the present request.  Also, plaintiff has not filed a certified copy of his prison

19 trust account statement for the six month period immediately preceding the filing of the

20 complaint.  See 28 U.S.C. § 1915(a)(2).  Plaintiff will be provided the opportunity to submit a

21 completed in forma pauperis application and a certified copy in support of his application.

22        Accordingly, IT IS HEREBY ORDERED that:

23        1.  The petition is dismissed with leave granted for petitioner, as plaintiff, to file a

24 civil rights action pursuant to 42 U.S.C. § 1983, within twenty-eight days;

25        2.  In addition, should petitioner elect to proceed as plaintiff, he must submit,

26 within twenty-eight days from the date of this order, a completed affidavit in support of his

1  request to proceed in forma pauperis on the form provided by the Clerk of Court and the deficient

2  pending request to proceed in forma pauperis, filed on March 15, 2010 (Docket # 2), is denied

3  without prejudice;

4          3.  The Clerk of the Court is directed to send petitioner/plaintiff both an

5  appropriate form for filing a prisoner civil rights action in this district and a new Application to

6  Proceed In Forma Pauperis By a Prisoner; and

7          4.  In addition to a civil rights complaint, petitioner, as plaintiff, shall submit,

8  within twenty-eight days from the date of this order, a certified copy of his prison trust account

9  statement for the six month period immediately preceding the filing of the complaint.  Plaintiff's

10  failure to comply with any portion of this order will result in a recommendation that this action

11  be dismissed without prejudice.

12          5.  Once the appropriate filings have been made, the Clerk of the Court will be

13  directed to re-designate this action as one brought pursuant to 42 U.S.C. § 1983.

14  DATED: April 2, 2010                                    /s/ Gregory G. Hollows

15  _____
                                   UNITED STATES MAGISTRATE JUDGE

16  GGH:009
    orti0594.dis

17

18

19

20

21

22

23

24

25

26