IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT A. ORTIZ

       Plaintiff,                         No. CIV S-10-0594 WBS GGH P

   vs.

JOHN MARSHALL, et al.            ORDER AND

       Defendants.                 FINDINGS & RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected

1

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

1    In reviewing a complaint under this standard, the court must accept as true the
2 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
3 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
4 and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
5 1843 (1969).

6    Here, plaintiff claims that he was improperly denied contact visitation with his
7 minor children in violation of his federal constitutional rights. However, even if prison officials
8 committed some error in depriving plaintiff of contact visitation with his children, this does not
9 rise to the level of a federal constitutional claim. Prisoners have no constitutional rights to
10 contact visitation. Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994). Even a blanket
11 prohibition of contact visitation between inmates and their families is not unconstitutional.
12 Block v. Rutherford, 468 U.S. 576, 104 S.Ct. 3327 (1984).

13    Plaintiff alleges that his visitation privileges were restricted while other prisoners,
14 convicted of the same crime of kidnap for ransom, were not denied contact visitation with their
15 minor children, and that this violates his right to equal protection of the laws. The record before
16 the court, submitted by plaintiff in conjunction with his original complaint for habeas relief[1],
17 indicates that the prison's classification committee limited plaintiff to non-contact visits with his
18 minor children based on plaintiff's offense, "in which a seven year old girl was held as a hostage
19 and told dynamite had been strapped to her and would be detonated if her mother did not
20 cooperate in a bank robbery." (Doc. No. 1, Ex. B at 16.) Equal protection claims may be
21 brought by a "class of one" where "the plaintiff alleges that []he has been intentionally treated
22 differently from others similarly situated and that there is no rational basis for the difference in

---

[1] As a general rule, once a plaintiff files an amended complaint, the original complaint is superseded and no longer operative in any way. However, facts alleged and exhibits produced in previous versions of a complaint may be reviewed, so as to fully address plaintiff's allegations for screening purposes.

treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000). Here, plaintiff has not alleged that prison officials acted irrationally in limiting his contact visits with minors, given the case-specific facts of his past offense against a minor. Thus, plaintiff does not allege a claim on equal protection grounds.

As the court perceives no way for plaintiff to cure his complaint based on the record before it, the complaint will be dismissed as non-cognizable without leave to amend.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

IT IS HEREBY RECOMMENDED that plaintiff's claim be dismissed for the reasons discussed above, without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 4, 2010

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:014
orti0594.B1.nf

4